## SEMIDEY v. NATIONAL CITY BANK OF NEW YORK et al.

### Civ. No. 5063.

United States District Court
San Juan Division.
D. Puerto Rico.
July 7, 1949.
Judgment Affirmed May 26, 1950.

342

Raul Matos, Ponce, Puerto Rico, B. F. Sanchez, San Juan, Puerto Rico, for plaintiff.

McConnell & Valdes, San Juan, Puerto Rico, for defendants.

CHAVEZ, District Judge.

■ This cause originally came on to be heard upon a motion to dismiss for failure to state a claim upon which relief could be granted. The action is one for the recovery of real property, and subsidiarily for damages for its alleged wrongful detention. Plaintiff was met at the outset by the contention that under the decisions of the Supreme Court of Puerto Rico, a plaintiff seeking to recover real property must allege and prove his own title, and that upon his failure to do so, the courts will not inquire into the title of the defendant; and by the further contention that one who seeks to recover property belonging to a Puerto Rican partnership must allege and prove that the partnership was liquidated. Rosaly v. Graham, 16 P.R.R. 156. A showing was also made that under the decisions of the Supreme Court of Puerto Rico, a

partner in a Puerto Rican partnership or one claiming under such partner, is not an owner or co-owner of the partnership property or even of his own contribution to the partnership capital, but that, the partnership being a separate juridical entity, the interest of a partner is merely the right to receive his distributive share, if any, upon dissolution or liquidation of the partnership. González v. Méndez, 8 P.R.R. 249; Blanco v. Registrar, 28 P.R.R. 159.

In the present case, the language of the complaint as to plaintiff's title is dubious, but the Court overruled the motion to dismiss when plaintiff refused to concede that the property sought to be recovered was not the individual property of her predecessor in title but was partnership property.

■ Upon the motion for summary judgment, it appears that the property in question was acquired by the partnership known as Solivellas & Company, by a deed from the Municipality of Yauco, executed in 1917. Plaintiff has filed no opposition to the motion for summary judgment on this point, or showing that the partnership at any later date transferred the real estate in question to plaintiff's predecessor in title, who was one of the partners. In the course of argument on the motion for summary judgment it was conceded that no such transfer had taken place, and that the property in question at no time belonged personally to plaintiff's predecessor in title. Similarly, no showing was made, or even indicated, that the partnership had been liquidated.

Upon these facts, it is apparent that there can be no genuine issue as to any material fact, and that defendants are under the decisions of the Supreme Court of Puerto Rico entitled to judgment as a matter of law.

■ In the course of argument, an effort was made to present the complaint as itself an action for liquidation of the partnership. A mere reading of the complaint is sufficient to indicate that this is untenable.

The motion for summary judgment will be granted.